IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRENCE POUNCEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:11-CV-837-TMH |
| ) | [WO] |
| MAMIE MCCRORY, *et al*., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Terrence Pouncey on October 5, 2011.[1] In filing this petition, Petitioner challenges the fact of his incarceration alleging that he is being forced to serve time in the Dothan City Jail on various municipal court criminal cases in order to pay fines which he claims he either did not receive and/or does not owe. Petitioner requests that he be released from jail with respect to fines he does not owe. *Doc. No. 1*.

Respondents filed an answer and supplemental answers to the petition. *Doc. Nos. 7, 11, 13*. They argue that Petitioner's claims are moot and/or unexhausted. *Doc. Nos. 11, 13*.

---

[1]Although the present petition was stamped "filed" in this court on October 6, 2011, the petition was signed by Petitioner on October 5, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Pouncey] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers October 5, 2011 as the date of filing.

The court granted Petitioner an opportunity to demonstrate why his federal habeas petition should not be dismissed either for his failure to exhaust state remedies or because his claims were moot. *Doc. No. 14*. Petitioner did not file a response to said order. Upon review of the pleadings filed in this case, it appears that Petitioner's challenge to his incarceration on fines he contends he does not owe is due to be dismissed as moot.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint/petition to make the matter moot. *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial

and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). Where a released prisoner can demonstrate that the challenged conviction will cause him to suffer some future collateral consequences, however, a petition is not moot. *Id.; Carafas v. Lavalle*, 391 U.S. 234 (1968). Accordingly, where a petitioner seeks to challenge the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas*, 391 U.S. at 237.

While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *see also Lane*, 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). "Thus, *Spencer* counsels a more cautious approach to the presumption of collateral consequences" requiring a petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer*, 523 U.S. at 12-14).

In this case, Petitioner challenged his incarceration for "sitting on fines that [he] did not receive[]." *Doc. No. 1* at 5. Consequently, Petitioner must either demonstrate that

challenged action will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. Here, Petitioner fails to demonstrate that he is or will suffer any collateral consequences as the records in this case show that has been released from the alleged illegal custody and there are no longer any collateral consequences he faces from that custody as the probation terms on the challenged sentences have expired.[2] *Doc. No. 7, Exhs. B-Q*.

Petitioner's ultimate objective in filing this action was his release from custody for serving time on fines he claims he did not owe. Because the documents and records before the court show that Petitioner has been released from custody on the challenged sentences where the court either declared him indigent and ordered his release (*see Doc. No. 7, Exhs. F-M, P, Q; Doc. No. 11, Exh. E*), dismissed his case (*see Doc. No. 19*), or did not direct payment of fines and ordered his release (*Doc. No. 11, Exh. F*), or the challenged sentences expired with time served in lieu of payment of fines (*Doc. No. 7, Exhs. B, C, E, N, O; Doc. No. 11, Exh. G*), the court can no longer provide him with the relief he seeks. Nor has Petitioner shown that he is subject to any current collateral consequences from the subject sentences or that he will suffer any collateral consequences in the future. Even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *See Spencer*, 523 U.S. at 7-8; *see also United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984) (challenge to parole regulation

---

[2]At the time Respondents filed their answer on December 12, 2011, they maintained that Petitioner should have completed all of the outstanding sentences challenged in the present petition with the exception of a domestic violence conviction he had appealed. *Doc. No. 7, Exh. A.* On August 23, 2013, Petitioner notified the court that his domestic violence case had been dismissed. *Doc. No. 19*.

mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

Based on the foregoing, the court finds that dismissal of the instant petition as moot is appropriate as reaching the merits of the arguments presented in this action would serve no purpose in light of Petitioner's release from custody on the challenged sentences.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2254 petition for habeas relief be DISMISSED as moot.

It is further

ORDERED that **on or before March 24, 2014**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of March 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE